UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PBK ARCHITECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE HANOVER INSURANCE GROUP, INC., et al., <br><br> Defendants. | Case No.   1:25-cv-00647-JLT-EPG <br><br> ORDER APPROVING STIPULATION FOR THE ENTRY OF A PROTECTIVE ORDER, IN PART <br><br> (ECF No. 40) |

      This matter is before the Court on the parties' stipulation for the entry of a protective order. (ECF No. 40). Upon review, the Court will approve the stipulation, in part.

      The parties define confidential information to mean "any Documents, Testimony, or information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law." (ECF No. 40, p. 3). But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

      However, the Court notes that the parties elsewhere state that this case involves

> confidential materials and information consist[ing] of proprietary information, trade secrets, intellectual property, and financial information relating to the

business operations of the parties, personal information, confidential information belonging to third-parties but in the possession of the parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(*Id.* at 2; *see also id.* at 3-4 (listing more specific types of information, including client lists, copyrighted plans, and contracts containing sensitive data)).

The Court approves the stipulation to the extent that confidential information is limited to the more specific descriptions given by the parties.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, the Court's established practices or Rules will govern.

Accordingly, IT IS ORDERED that the parties' stipulation for the entry of a protective order is approved, in part, as explained above. (ECF No. 40).

IT IS SO ORDERED.

Dated:   **October 9, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE